

Marek A. Kwasnik
(Pro Se)
99 Swett Road Windham ME 04062,
tel.: 207-893-0101; MK; SSN: 9337

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY



| | |
|---|---|
| Marek A. Kwasnik, individually,<br> and on behalf of his minor son<br> Robert T. Kwas<br><br>        Plaintiffs<br><br><br>       -vs-<br><br> Honorable Vincent Leblon, individually and<br>as Judge of Superior Court of New Jersey,<br>Members of New Jersey Legislature: all<br>presently active, individually and as New<br>Jersey legislative officials, and jointly:<br>   Senate Leadership:<br>Richard J. Codey, Democratic President,<br>Shirley Turner, Dem. Pres. Pro Tempore,<br>Bernard Kenny, Jr. Democratic Majority L.,<br>Wayne R. Bryant, Assistant Dem. Leaders,<br>Sharpie James, Assistant Dem. Leaders,<br>John A. Girgenti, Democratic Whip,<br>John H. Adler, Democratic Confer. Leader,<br>Byron Baer, Dem. Senate Lead. Ex-Officio,<br>John O. Bennett, Republican President,<br>Joseph A. Palaia, Rep. Pres. Pro Tempore,<br>Anthony Bucco, Co-Republican Majority L.,<br>Robert Singer, Co-Republican Majority L., | Civil action No.: *03-388(SRC)*<br><br><br>**COMPLAINT**<br>**&**<br>**DEMAND FOR JURY TRIAL** |

FILED

AUG 15 2003

AT 8:30  11:12 A M
WILLIAM T. WALSH
CLERK

Joseph Kyrillos, Jr. Rep. Conference Lead.,    )
Diane B. Allen, Deputy Rep. Conf. Leader,      )
James Cafiero, Republican Whip,                )
Donna M. Phelps, Secretary of the Senate,      )
Members of New Jersey Legislature  -           )
   General Assembly Leadership:                 )
Albio Sires, Speaker,                          )
Joseph J. Roberts, Jr., Majority Leader,       )
Donald Tucker, Speaker Pro Tempore,            )
Loretta Weinberg, Majority Conf. Leader,       )
Herbert Conaway, Deputy Speaker,               )
Jerry Green, Deputy Speaker,                   )
Anthony Impreveduto, Deputy Speaker,           )
Nellie Pou, Deputy Speaker,                    )
Alfred E. Steele, Deputy Speaker,              )
Neil M. Cohen, Deputy Majority Leader,         )
Nilsa Cruz-Perez, Assist. Majority Leader,     )
Linda Greenstein, Assist. Majority Leader,     )
John Wisniewski, Assist. Majority Leader,      )
Peter J. Barnes, Majority Whip,                )
Arline Friscia, Assistant Majority Whip,       )
Robert J. Smith, Assistant Majority Whip,      )
Wilfred Caraballo, Parliamentarian,            )
Bonnie Watson Coleman Appropriations           )
Commette Chairman,                             )
Louis D. Greenwald, Budget Comm. Chair,        )
Paul DiGaetano, Republican Leader,             )
Alex DeCroce, Republican Confer. Leader,       )
Francis J. Blee, Republican Whip,              )
Christopher Bateman, Assist. Rep. Whips,        )
Francis L. Bodine, Assistant Rep. Whips,       )
David Wolfe, Assist. Republican Leader,        )
Peter J. Biondi, Assist. Republican Leader,    )
Christie Riebe, Clerk of Gen. Assembly,        )
And all remaining of 120 members of            )
New Jersey Legislature not named here          )
Individually and as New Jersey legislative     )
Officials, jointly, and all previous members   )
of New Jersey Legislature individually, from   )
time of enactment of NJS 9:2-4(c),             )

Honorable Bradley Ferencz, individually and )
as Judge of Superior Court of New Jersey, )
Lois Knego, individually and as Transcripts )
Department employee of Middlesex County )
Superior Court of New Jersey, )
Judges of Appellate Division of Superior )
Court of New Jersey, individually and as a )
judges: Honorable Dorothea O'C. Wefing, )
Honorable James J. Ciancia, )
Honorable James M. Havey, )
Honorable Edith K. Payne, )
Honorable Lorraine C. Parker, )
Jeffrey A. Newman, individually and as )
Deputy Clerk of Appellate Division of New )
Jersey Superior Court, )
Members of New Jersey Supreme Court )
Advisory Committee on Judicial Conduct )
individually and as State of New Jersey )
judicial officials: )
Honorable Alan B. Handler, Chair, )
Honorable Daniel J. O'Hern, Vice Chair, )
Edward J. Dauber, Esquire, )
Ms. Theresa M. Kluck, )
Robert N. McAllister, Esquire, )
M. Karen Thompson, Esquire, )
John Doe 1, 2: individually and as Superior )
Court of New Jersey, Middlesex County )
Recording Technician, and/or Manager, )
John Doe 3, individually and as Superior )
Court of New Jersey, Middlesex County )
Transcripts Department employee, )
John Doe 4, 5: individually and as Superior )
Court of New Jersey Appellate Division )
Administrative Services judicial employee, )
or judge of Appellate Division of Superior )
Court. )
                              Defendants )
                                         )

3

Plaintiffs, Marek A. Kwasnik and Robert T. Kwas for their Complaint, state as follows:

## Parties

1.   Plaintiff Marek A. Kwasnik, resident of State of Maine at 99 Swett Road, Windham, Cumberland County, Maine, 04062.

2.   Plaintiff Robert T. Kwas, resident of New Jersey, 215 Sierra Court, Woodbridge, Middlesex County New Jersey.

3.   Defendant Honorable Vincent Leblon, individually and as a Judge of Superior Court of New Jersey, at 120 New Street New Brunswick New Jersey 08903.

4.   Defendants Members of New Jersey Legislature presently active, individually and as New Jersey legislative officials, at State House, Trenton New Jersey 08625, past members of New Jersey Legislature individually, at State House, Trenton New Jersey 08625 from the time of enactment NJS 9:2-4(c).

5.   Defendant Honorable Bradley Ferencz individually and as Judge of Superior Court of New Jersey, at 120 New Street New Brunswick New Jersey 08903.

6.   Defendant Lois Knego, individually and as Transcripts Department employee of Middlesex County Superior Court of New Jersey, at 1 JFK Square New Jersey 08901.

7.   Defendant Honorable Dorothea O'C Wefing, individually and as Judge of Appellate Division of New Jersey Superior Court at 25 West Market Street R. J. Hughes Justice Complex Trenton NJ 08625.

8.   Defendant Honorable James J. Ciancia, individually and as Judge of Appellate Division of New Jersey Superior Court, at 25 West Market Street R. J. Hughes Justice Complex Trenton NJ 08625.

9.   Defendant Honorable James M. Havey, individually and as Judge of Appellate Division of New Jersey Superior Court, at 25 West Market Street R. J. Hughes Justice Complex Trenton NJ 08625.

10.   Defendant Honorable Edith K. Payne, individually and as Judge of Appellate Division of New Jersey Superior Court, at 25 West Market Street R. J. Hughes Justice Complex Trenton NJ 08625.

11.   Defendant Honorable Lorraine C. Parker, individually and as Judge of Appellate Division of New Jersey Superior Court, at 25 West Market Street R. J. Hughes Justice Complex Trenton NJ 08625.

12.   Defendant Jeffrey A. Newman individually and as Deputy Clerk of Appellate Division of New Jersey Superior Court, at 25 West

Market Street, R. J. Hughes Justice Complex, Trenton, NJ 08625.

13.   Defendants Members of State Supreme Court Advisory Committee on Judicial Conduct, individually and as New Jersey judicial officials, at 25 West Market Street, R. J. Hughes Justice Complex Trenton NJ 08625: Honorable Alan B. Handler, Chair; Honorable Daniel J. O'Hern, Vice Chair, Edward J. Dauber, Esquire, Ms. Theresa M. Kluck, Robert N. McAllister, Esquire, M. Karen Thompson, Esquire, at 25 West Market Street, R. J. Hughes Justice Complex Trenton NJ 08625.

14.   Defendants John Doe 1 & 2, individually and as Superior Court of New Jersey Middlesex County Recording Technician, and/or Manager, at 1 JFK Square New Jersey 08901.

15.   Defendant John Doe 3, individually and as Superior Court of New Jersey, Middlesex County Transcripts Department employee, at 1 JFK Square New Jersey 08901.

16.   Defendants John Doe 4 & 5, individually and as Superior Court of New Jersey Appellate Division Administrative Services employee or judge of Appellate Division, at 25 West Market Street, R. J. Hughes Justice Complex, Trenton, NJ 08625.

The Plaintiffs are filing complaint and demand for jury trial, against the Defendants, on grounds that state statute NJS 9:2-4(c) as applied in the Plaintiff's case is being repugnant to Federal Constitution.  There has been unconstitutional acting of judges and other state officials and employees as being predisposed to create and uphold female preferences in custody proceedings, predisposed to favor local resident and local interest, repugnant in their acting in family law area, under color of law, judgeship, and/or state authority.

The Plaintiffs are raising issues and concerns of constitutionality of state statute pertaining to child custody award and related state judicial proceedings before the state trial and appellate courts, as applicable to plaintiff Marek Kwasnik and affecting his son.  These are on grounds of diversity of citizenship where amount in controversy is above seventy five thousands dollars as damages engendered in said state judicial proceedings.

Despite the fact of state orders depriving and alienating the Plaintiff Marek A. Kwasnik out of any, *i.e.* all rights to his son, including visitations and representing him, has issued as contravening law, there is a good possibility, that all will be reversed, as sought, so representing now his son interests is though a rightful cause.

7

## Venue

Venue is based on 28 U.S.C. §1391(b). "A civil action wherein jurisdiction is not found solely on diversity of citizenship".. .

## Jurisdiction

This Court's jurisdiction is conferred upon by: 28 U.S.C. §1331; 28 U.S.C. §1332(a)(1); 28 U.S.C. §1343(1), §1343(2), §1343(3), §1343(4); 28 U.S.C. §1367(a); 28 U.S.C. §1652; 42 U.S.C. §1988(a), and; *D.C. Court of Appeals* v. *Feldman*, 460 U.S. 462 (1983); *Ex Parte Young*, 209 U.S. 123 (1908); *West* v. *Atkins*, 487 U.S. 42 (1988); *Deakins* v. *Monaghan*, 484 U.S. 193 (1988); *Florida Dept. of State* v. *Treasure Salvors, Inc.*, 458 U.S. 670 (1982); *Idaho* v. *Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997); *Bray* v. *Alexandria Women's Health Clinic*, 506 U.S. 263 (1993).

## General Provisions

28 U.S.C. §1651(a), 28 U.S.C. §1657(a) and 42 U.S.C. §1988(c).

## Cause of Action

It has arisen, when in state forum, New Jersey legislative officials, and judicial officers – the judges, and judicial employees have conspired to, and then deprived the Plaintiffs, and continued to,

8

of equal protection and due process – the Plaintiffs' federally guaranteed rights when acting under color of state law and on occasions beyond state conferred mandates.  It engendered in turn to both plaintiffs corollary damages. Cause of action is based on: 42 U.S.C. §1983, and 42 U.S.C. §1985(3), the Fourteenth Amendment, §1; Equal Protection and Due Process Clauses, Article VI, §2; Supremacy Clause, and Seventh Amendment to Federal Constitution. Cause of the action has been generated through unconstitutional and wrongful gender preferential, gender biased, and/or against out-of-state litigant, acts for creation and furtherance of female and/or state litigant superior rights in a course of procurement of it, by judicial and legislative state officers, and judicial employees.

These state officers, have been unjustly acting through first creating New Jersey statute: NJS 9:2-4(c), as violative of federally guaranteed by the Fourteenth Amendment rights.  Rights are secured by Equal Protection and Due Process Clauses.  Then, through state thrust as procurement of that policy, exercise of its application by judicial officers of the state against father(s) for mother(s) custody superior rights.

The complaint is lodged against these listed individuals as New Jersey officials, state judicial officers and judicial employees.  There are three alleged general types of improprieties: state "unofficial" policy for exclusive mostly preference of mother in custody award, and subtle animus towards custody seeking father, animus towards out-of-state litigant, attempting make him (the father) accept procreated by them; her superior rights. The third, as acting beyond officials or employees state conferred authorities, the have done illegal acts of modifications of recorded records, and conspired against the Plaintiff.

Result of applying the statute in question, NJS 9:2-4(c), reflects it with statistics data overwhelmingly supporting of gender biased system, and by the same token, with within state judicial system, of common subtle animus towards custody seeking father, at his expense.

The fact is also that much of the work of state officers and employees bear in technical aspects little or no gender bias.

However, on occasions their subtle general animus being not apparent in direct interaction with the Plaintiff, but prevailingly oriented in key proceedings, proceedings and state officer(s) acting outcomes against his child custody seeking father.  It is beyond

reasonable person judgment, when in course of their work in state case: FM-12-1190-01F they commissioned not just improper, or even under color of state law, but simply some illegal acts.

These unlawful acting where sometimes simply unconstitutional, and on occasions, beyond any Plaintiff doubt, have been done by state judge(s) and judicial employees even beyond state conferred authority!

## Statement of facts

A.     Parties to state action, Marek Kwasnik as plaintiff, and Ewa Skwarczynska as defendant. The defendant Ewa Skwarczynska came to United States with Robert, parties son, on immigrant visa in October 1997, upon the Plaintiff's petition.  Ewa Skwarczynska, resident alien, having basic education works as a Housecleaner and/or Child Care Taker, and the plaintiff, U.S. citizen, as oversees degreed Master of Science works as an Electrical Engineer, in New England area, in Massachusetts, New Hampshire, and Maine.

State case parties lived first in New Jersey, got married there, then moved in 1996 to Newtown, Pennsylvania.  In 1998 the couple separated.  She moved back to New Jersey, and plaintiff to Maine.

B.    State complaint as also indicated in enclosed Certification page 23, sought divorce and custody. It was filed on or about 12/03/00.

C.    Vincent Leblon, New Jersey Superior Court judge, on 04/03/01 gave her residential custody of Robert, and on 07/30/01 sole custody of parties son.  The judge denied the plaintiff all sought relieves when seeking parenting time, and permission to obtain, conclude for Robert his citizenship based on Plaintiff's status.

C.    There have been several complaints raised against Vincent Leblon.  For example, with New Jersey Supreme Court Advisory Committee on Judicial Conduct.  Complaint 09/24/01 sought reassignment of the Judge raising - alleging many improprieties and doctoring of 04/03/01 recordings of proceedings.  Complaint from 11/19/01 sought disciplining of Vincent Leblon for false charge of the Plaintiff for contempt of court and unlawful incarceration of plaintiff between 11/15/01 and 11/19/01.

09/24/01 complaint the Committee answered with <u>finding no basis for charge of improper judicial conduct</u>.  The second, 11/19/01 has been initially acknowledged as received, but <u>never answered further, never stated anything as Committee duly acting</u>.

D.    Incarceration of the Plaintiff on 11/15/01 with false charge of contempt of court based on false attorney for state respondent, Avivith Oppenheim, that child support was not being paid, when in fact there was a regular weekly wage garnishment of $214.00 from plaintiff's paycheck.  Lost contract employment in part due to that arrest. When plaintiff' mother posted bail, after release, filed second complaint dated 11/19/01 with Advisory Committee on Judicial Conduct to discipline Vincent Leblon, but has never received any decision regarding the issues as stated also previously. Furthermore, doctoring of recordings has resumed again – doctoring of 03/18-20/02 trial proceedings, as indicated below.

E.    On 03/20/02, following 3 day trial, Vincent Leblon J.S.C., reaffirmed with his final order entered on 04/10/02, based on state statute NJS 9:2-4(c) granting her sole custody, all expenses of litigation against the plaintiff, denial of visitation right to plaintiff, denial of all constitutional claims as these he "found" non-applicable to his court proceedings. Citing Vincent Leblon:  "the Constitution does not really apply."

This statement made by him, among other ones, had been subsequently removed from the state case trial record.

F.    Notice of Appeal in New Jersey Appellate Division filed on 05/03/02. Sought full reversal of 03/20/02 custody and attorney fees order. Filed request for trial proceedings transcripts. NJ trial court Transcripts Department selected G & L Transcription of NJ to create trial transcripts. After that, after obtaining copy of, the Plaintiff noticed substantial discrepancies, mis-transcriptions, in his only statements, and in all issues material to the state appeal!

G.    There have been several requests to correct trial substantial transcripts discrepancies, discrepancies material to the appeal, between available recordings, and in the Plaintiff's only statements. These requests and discrepancies between recordings and transcripts – all well documented, have been filed also with state courts. There has been no noticed discrepancies in transcripts in statements of any other participant(s) of 03/18-20/02 trial, with exception to Vincent Leblon removed several his statements, and added some made up. Several requests were made first to G & L transcriptions of NJ, and then to Mr. Jeffrey Newman, Deputy Clerk of NJ Appellate Court. There were made 2 additional sets of "corrected" transcripts. Final one prepared by Mr. Newman, Deputy Clerk of Appellate Division of NJ court. However, his release despite obvious and prior indicated to them

14

incorrectness in issues material to the appeal, these had not been fixed. That even had been refused by G & L Transcription. Not only that, 2nd and final release contains <u>fabricated mis-transcriptions</u> in general, and particularly specifically in financial matters and some other regarding trial facts and Plaintiff's trial statements. The Plaintiff refused to accept that release transcripts for state appeal.

H.    Filed motion with trial court dated 12/10/02 to settle the record. State trial court denied entirely that request on 01/22/03.

I.    On 02/03/03 NJ Appellate Court issued an order against state respondent Ewa Skwarczynska suppressing her appeal answer brief, due to her failure to file the one within allowed time – invited by her attorney. The Attorney was doing these "invitations" for reversal of trial rulings from the beginning of filing of the appeal.

J.    Filed motion with appellate court dated 02/11/03 to review denial of request to trial court to settle the record. NJ Appellate Court denied that request for reviewing, on 03/28/03, and vacated its order suppressing brief, granted her extension of time to file answer brief.

K.    The NJ respondent filed request with trial court to suspend plaintiff's driver license in Maine, and to issue arrest warrant for plaintiff in New Jersey, with 07/25/03 return date.

L.   The Plaintiff answered with cross motion to issue stay of 04/10/02 order, and on 07/08/03 filed with NJ Appellate Court motion for directions to trial court, and to rule on constitutionality of NJS 9:2-4(c), or initiate judicial review of that state statute, on grounds, that is being repugnant to the Fourteenth Amendment to Federal Constitution.

M.   Result of 07/08/03 motion for NJ statute judicial review: "Expedited ruling on motion for directions to trial court and to rule on constitutionality of New Jersey statutes, or initiating judicial review of New Jersey statutes: DENIED", served on the Plaintiff on 08/11/03.

## Preliminary statement

The complaint raises argument of unconstitutionality of NJS 9:2-4(c), that basing orders and its rulings on NJS 9:2-4(c) in manner, that it created acting under color of law of general provision of NJS 9:2-4, that "rights of both parents shall be equal." All state New Jersey trial and appellate courts interlocutory orders and subsequent to trial appellate interlocutory orders had been contravening Equal Protection and Due Process Clauses of the Fourteenth Amendment. Additionally, that immunity of a state court judge can not be granted, unless there is

16

a trial to determine that, when there are valid allegations that he violated state law when acting beyond his state conferred mandate, as conspiracy and/or alterations of proceedings records would be. These state courts' orders as acting under "color of law" and on occasions violating federal law.  These unlawful acts had deprived the Plaintiff of his fundamental right to liberty in decisions in his son upbringing, deprived right to custody, divested of the Plaintiffs rights to be together with, and enjoyment of his son upbringing.  The trial orders had deprived Robert, the son, for extended period of over 2 years of right to become naturalized citizen based on the Plaintiff's citizen parent status. Based on *Child Citizenship Act of 2000, PL 106-395*, on 02/27/01 Robert fulfilled requirements for obtaining Certificate of Citizenship from INS, but subsequent state trial court orders barred that on 04/03/01, 07/30/01 and 04/10/02. The trial orders had been also depriving Robert of his right to be and enjoy living with his dad, depriving him also right to enjoyment and exercising sporting activities in Maine, where his dad lives.

That was first initiated in a course of proceedings by forcing female unjust priority to custody by state court judge Vincent Leblon of Middlesex County Family Part Chancery Division of Superior Court

of New Jersey.  That had been by means of orders purporting course of "application of state law" including purporting application of gender equal treatment, and performing some other "shady activities" acts.

The state appellate court followed suit, completely, with creating other procedural and transcripts obstacles, until after the Plaintiff's New Jersey appellate 07/03/03 motion to rule on constitutionality of NJS 9:2-4(c).  These state officials' acting has been as attempting to make out-of-state Plaintiff by his own mistake, become out of custody contest, to deprive the Plaintiff of rights to his son. Other state officials followed suit, in animus towards father attempting to obtain and regain rights to his son.  These acting are alleged here as part of statewide policy, and conspiracy at times with other New Jersey officials and judicial employees as part of the state broadly procured gender biased policies for women's superiority custody, preferences.

These policy and conspiracies are for furtherance and procurement of predominantly prevailing and preferable in state courts rights of women, and almost exclusiveness of their rights, in child or children custody contests. These acting and results fulfill all four requisites for 42 U.S.C. §1985(3) conspiracy, as this is statutory basis for this legal action as this one is. This state case is documenting well

exercised by state judge of; "invidiously discriminatory deprivation of the equal enjoyment of rights secured to all by law" among judges of the state family courts towards custody seeking fathers.

There is available hard evidence in support of the allegations, and preponderance of circumstantial evidence.

A request for opinion on state law issue from the highest court of the state is being also made through the United States Court of Appeals for the Third Circuit, per 28 U.S.C. §1651(a), and/or 3rd Cir. LAR 110.1, *Certification of Question of State Law*, and New Jersey Court Rules, R.2:12A, *Certification of Question of Law by the Supreme Court*.

## **Statement of damages**

Damages are being sought per cited above federal statutes as extending of this Court basis of jurisdictional purview to common law principles. A party or parties aggrieved by someone's wrong, or wrongs, is entitled to compensation for such damages for these wrongs in a court of law.

Moreover, to hit with financial costs to cover legal fees of female contestant, as "assessed" by Leblon himself against the

Plaintiff.  That was to be continued, until facing inevitable more of these punitively inflicted damages, and arrests, and further when the Plaintiff would abandon, or accepted loss of his son custody.  Despite substantial damages to both Plaintiffs, this scenario planned by them did not worked for state actors well, and exercised before many times on others without much, if any of others' choice. That is well known fact.  As a result of these under color of law and some illegal acts, the Plaintiffs sustained psychological damages, prolonged substantial stress, alienating of parental rights, mental anguish, loss of enjoyment of life, pecuniary losses, and other non-pecuniary losses.

These damages have been spread over prolonged period of time – 2 years. There will be long term effects including impact of these on fragile character of young child, social as well, and that is without doubt. Prolonged legal action as a *pro se* have also substantial impact on plaintiff's professional life.  After hiring and well going matters, in recent work despite very declarations from plaintiff's managers, once they learned of ongoing *pro se* litigation, employers have become not considering long work relations.  That was caused by managers worries about having on a team someone familiar with law and legal procedures more than needed to duly and safely perform the work.

Despite a well defined safety and other employment standards, there is always a gap, more or less, between what every company is required to comply with, and with what is actually manner of doing business.

Aggrieved party, parties, is also entitled to recover damages, including punitive damages against wrongdoers, beyond the damage, so that wrongdoing procedure(s) would not be profitable for wrongdoers when exercised on others, and entitled by the same to exemplary damages, to make an example from such wrongdoers, and their acts. The jurisdiction in common and statutory law in this civil case is conferred upon this Court is per 42 U.S.C. §1988(a).

In summary, this subsection is extending applicability of common law into jurisdictional purview of district court, this Court, regarding proceedings for award of damages.

## Relief requested

The Plaintiffs request that the Court grant the following relief:

I.    Judicial review of constitutionality of NJS 9:2-4(c) based on interpretation of state law by New Jersey Supreme Court, if state answer would become available.

21

II.   Jury trial for determination of wrongful, purposeful intent, and acts, for implementing and/or exercising unlawful state practices on part of respective state officers and employees, based on hard and preponderance of circumstantial evidence.

III.   Damages: per plaintiff, per damage claim.

Per Civ. Rule 8.1, I am setting forth claim for relief of unliquidated money damages engendered during course of state actions, in trial and appellate courts, for custody of minor son, between 04/03/01 and 08/15/03.

Damages award to the Plaintiffs per 42 U.S.C. §1988(a), statutory and extended by the statute applicable common law:

a) Marek A. Kwasnik: (1) compensatory; (2) punitive; (3) exemplary,

b) Robert T. Kwas:    (1) compensatory; (2) punitive; (3) exemplary.

c) Compensatory damages from now on, for every month or fraction thereof, of continued plaintiff and his son separation upheld by the state, in amount of fifty thousand per month, per plaintiff.

IV.  Any further relief that this Court deems just.

Respectfully submitted,

Dated: August 12th, 2003.

Marek A. Kwasnik
Plaintiff

22

# Certification

## Past and presently pending state and federal courts/judicial actions.

I hereby certify the matter in controversy is/was not the subject of any other court, arbitration, or administrative proceedings, except these listed below. These are/have been the only cases regarding issues of whole controversies, and claims, and the following complaints were filed in state and federal courts:

1. <u>Complaint</u>: for divorce and custody of minor son.
    No other or constitutional based damages claimed.
    <u>Filed</u>: on 12/03/00, in Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, New Brunswick, New Jersey. docket no.: FM-12-1190-01F.
    <u>Amended</u>: 03/25/01.
    <u>Parties</u>: Marek A. Kwasnik a/k/a Marek Kwas v. Ewa Skwarczynska
    <u>Result</u>: trial gave the Defendant sole custody of the son, all costs and all attorney fees. Filed an appeal on 05/03/02 – as in paragraph 2.

2. <u>Appeal</u>: for full reversal/modification of depravation of right to custody of son, and damages – costs of whole litigation; on appeal sought also only that portion of state law plaintiff's damages, which are cognizable in state forum; in regard to attorney fees and state action costs.
    <u>Filed</u>: on 05/03/02, Superior Court of New Jersey, Trenton, New Jersey. Docket no.: A – 04532-01T2.
    <u>Amended</u>: denied on 03/26/03.
    <u>Parties</u>: Marek A. Kwasnik, petitioner v. Ewa Skwarczynska respondent.
    <u>Result</u>: reversed, vacated, remanded to trial court – the only pending case.

3. <u>Complaint</u>: for redressing depravation of right to custody of son, by wrongful decision of fundamental right to custody of son.
    <u>Filed</u>: on 04/09/01, in United States District Court, District of

Maine Portland, Maine, docket no.: 01-CV-95-PH.
Amended: 04/17/01, 06/21/01.
Parties: Marek A. Kwasnik v. Superior Court of New Jersey.
Result: dismissed for lack of subject matter jurisdiction
September - November 2001.

4.   Complaint: for enjoining further depravation of right to custody
of Son by State of Maine injustice, due to wrongful
decision by order of State of Maine court, for taking away
Plaintiff's son, from Plaintiff.
Filed: on 07/23/01, in United States District Court, District of
Maine Portland, Maine, docket no.: 01-CV-188-PH.
Amended: 07/31/01.
Parties: Marek A. Kwasnik v. Maine District Court, District
Nine, Div. Of So. Cumberland, and Commissioner at al. of
Department of Human Services State of Maine.
Complaint was seeking enjoining DHS Commissioner, and
costs, and Maine District Court Judge K. Powers from
exercising of more wrongdoing decisions in underlying
FM-01-733 case, by Ewa Skwarczynska against Marek
Kwasnik, the Plaintiff.
Result: dismissed for lack of subject matter jurisdiction
September - November 2001.

5.   Complaint: for redressing wrongful depravation of custody rights
by Ewa Skwarczynska.
Filed: on 08/13/01, in United States District Court, District of
Maine Portland, Maine, docket no.: 01-CV-199-P-DMC.
Amended: 10/15/01.
Parties: Marek A. Kwasnik v. Ewa Skwarczynska.
Result: dismissed for lack of subject matter jurisdiction,
11/09/01.

_Marek Kwasnik_

Marek A. Kwasnik, plaintiff
Dated: August 12th, 2003.                    99 Swett Road
Windham, ME 04062
Tel.: 207-893-0101

CERTIFIED MAIL



Mr. Edward L. Miller
4431 Minor Rd
Copley, OH 44321-2429

7002 0510 0001 6332 1126

RETURN RECEIPT
REQUESTED

Mr William T. Walsh, Clerk
U.S. District Court, District of NJ
Clarkson S. Fisher Bldg., U.S. Courthouse
402 E. State St., Rm. 2020
Trenton NJ 08608