NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                     x
MAREK A. KWASNIK, individually, and  x    Hon. Stanley R. Chesler, U.S.D.J.
on behalf of his minor son, Robert T. Kwas x
                                     x
              Plaintiff,             x    Civ. No. 03-CV-3881 (SRC)
                                     x
        v.                           x    OPINION
                                     x
HONORABLE VINCENT LEBLON,            x
                                     x
        et al.                       x
              Defendants.            x
_____x
```

Stanley R. Chesler, U.S.D.J.

This matter comes before the Court on Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6) [docket # 45]. The Court, having considered the papers submitted by the parties, for the reasons set forth below and for good cause shown, will grant Defendants' Motion for lack of subject matter jurisdiction.

I. BACKGROUND

Plaintiff Marek A. Kwasnik ("Plaintiff"), has filed a complaint against Hon. Alan B. Handler, Hon. Daniel J. O'Hern, Hon. James J. Ciancia, Hon. James M. Havey, Hon. Lorraine C. Parker, Hon. Vincent Leblon, Hon. Bradley Ferencz, Jeffrey A. Newman, Edward J. Dauber, Esq., Lois Knego, Richard J. Codey, Albio Sires, and Joseph J. Roberts, Jr. (hereinafter "the State defendants") under 42 U.S.C. §§ 1983 and 1985(3) on behalf of himself and his minor son. Plaintiff alleges that N.J.S.A. 9:2-4c deprived him

of his Fourteenth Amendment rights to due process and equal protection and is therefore unconstitutional. He claims that N.J.S.A. 9:2-4c has yielded preferential treatment for women and in-state parties in custody cases such as his. Plaintiff also alleges violation of the Supremacy Clause and the Seventh Amendment.

On July 30, 2001, defendant Judge Vincent Leblon granted sole custody to Plaintiff's former wife with no visitation. (Complaint attached to Certification of Joseph Ives Picillo (hereafter "Picillo Cert.") as Exhibit "A," at 12-13). On July 8, 2003, Plaintiff sought review from the Superior Court of New Jersey, Appellate Division as to the constitutionality of N.J.S.A. 9:2-4c. (Picillo Cert., Exhibit "A" at 16). The request was denied on August 11, 2003. (Id.) There is no indication that Plaintiff sought review by the Supreme Court of New Jersey.

Plaintiff seeks compensatory damages for himself and his son in the amount of fifty thousand dollars per month for every month that he and his son continue to be separated under the state court rulings, for alleged deprivation of his right to participate in his son's upbringing.

Plaintiff filed actions similar to these in the United States District Court for the District of Maine against the State Court of Maine, agencies and officers of the state of Maine, and his former wife. Each of these were dismissed for lack of subject matter jurisdiction between September and November of 2001. See Picillo Cert., Exhibit "A," at 23-24.

## II. DEFENDANTS' MOTION TO DISMISS

The State defendants moved to dismiss based on the Rooker-Feldman Doctrine,

the domestic relations exception to federal jurisdiction, judicial immunity, quasi-judicial immunity, legislative immunity, Eleventh Amendment sovereign immunity, and because the defendants are not persons as defined by 42 U.S.C. § 1983.  Defendants also assert that Plaintiff, Marek A. Kwasnik, lacks standing to sue on behalf of his minor son.

The Rooker-Feldman Doctrine bars a state court losing party from seeking appellate review in the federal courts and circumscribes the appellate jurisdiction of the lower federal courts.   The Doctrine is based on "the well settled understanding that the Supreme Court of the United States, and not the lower federal courts, has jurisdiction to review a state court decision."  Parkview Assocs. Pshp. v. City of Lebanon, 225 F.3d 321, 324 (3d Cir. 2000).  Rooker-Feldman bars a federal proceeding when "entertaining the federal court claim would be the equivalent of an appellate review" of the state judgment.  FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996).

In short, "Rooker-Feldman applies ... when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual."  Id. In application, the Court must decline to hear a cause of action "if the claim was 'actually litigated' in state court prior to the filing of the federal action ... or if the claim is inextricably intertwined with [the] state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong."  Desi's Pizza, 321 F.3d at 419 (citations omitted).  Furthermore, Rooker-Feldman applies even when a claim involves constitutional issues.  Guarino v. Larsen, 11 F.3d 1151 (3d Cir. 1993).

Plaintiff's complaint consists of a 42 U.S.C. § 1983 claim and a 42 U.S.C. §

1985(3) claim. The Court will first examine the section 1983 claim. In order to determine whether the claim falls under the Rooker-Feldman Doctrine, the Court must first determine whether Plaintiff's claim was actually litigated in State court. It was not. The State court ruled on who should have custody over Robert Kwas – Marek A. Kwasnik or his former wife. Mr. Kwasnik's current claim is that the method and statute used to determine this were unconstitutional.

Next, the Court must determine whether Plaintiff's claim is inextricably intertwined with the State ruling, where a decision here for the Plaintiff would necessarily mean that the State judgment was erroneous. Plaintiff's claim asserts that the State court's ruling deprived him of his right to custody of his son, and he seeks damages of fifty thousand dollars per month, for both himself and his son, for every month that the State upholds its ruling. A decision in favor of the Plaintiff would rest upon the acknowledgment that his rights were indeed violated by the State judgment, warranting a reversal of that ruling. Therefore, Plaintiff's claim is indeed inextricably intertwined with the State adjudication and it thus barred for lack of jurisdiction as per the Rooker-Feldman Doctrine.

Regarding the section 1985(3) claim, the Court again must first determine whether it was actually litigated in State court. Like the section 1983 claim, this was not litigated in the State court, rather this claim asserts unconstitutional action by State officials in conjunction with the State's ruling. Next, the Court must determine whether the claim is inextricably intertwined with the State ruling. Plaintiff claims that judges, judicial employees, and State officials conspired against him, having animus towards out-of-state litigants and fathers in custody suits. Any finding of such a conspiracy would

invalidate the State court's decision, therefore the claim is inextricably intertwined with the State court's ruling.  Thus, Plaintiff's section 1985(3) claim is barred for lack of jurisdiction as per the Rooker-Feldman Doctrine.

### III. Conclusion

For the reasons set forth above, the Court finds that it lacks subject matter jurisdiction as to both of Plaintiff's causes of action against all defendants: (1) deprivation of rights and (2) conspiracy to interfere with civil rights.  As such, the Court will grant Defendants' Motion to Dismiss as the Court lacks the authority to make any rulings on those matters.

                               s/
                         Stanley R. Chesler, U.S.D.J.

DATED: August 8, 2005