NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MAREK A. KWASNIK, | : : : | Hon. Stanley R. Chesler |
| Plaintiff, | : : | Civ. A. No. 03-3881(SRC) |
| v. | : : | **OPINION** |
| HON. VINCENT LEBLON, et al., | : : |  |
| Defendants. | : : |  |

**CHESLER**, District Judge

This matter comes before the Court on the appeal of an August 2, 2005 Order issued by the Honorable Tonianne J. Bongiovanni, U.S.M.J. denying Plaintiff's Motion for Leave to File an Amended Complaint.[1]  For the reasons discussed below, Magistrate Judge Bongiovanni's Order is **affirmed**.

**BACKGROUND**

This case arises out of a child custody dispute litigated in New Jersey State Court. The Plaintiff filed the original Complaint in this matter on August 15, 2003 (docket entry # 1).  On or about May 2, 2005, Plaintiff filed a motion with the Court seeking leave to

---

[1] Plaintiff has captioned his submission as a "Motion for De Novo Determination." Having reviewed the record in detail, it is clear that he is seeking an appeal of Magistrate Judge Bongiovanni's August 2, 2005 Order.

amend his Complaint to add additional defendants.[2]  Specifically, Plaintiff sought to add as defendants:  (1) Judge Robert Fall and Judge Anthony Parillo, both Appellate Division Judges of New Jersey Superior Court; (2) Justice Deborah Poritz, Justice Virginia Long, Justice Jaynee LaVecchia, Justice James Zazzali, Justice Barry Albin, Justice John Wallace, and Justice Roberto Rivera-Soto, all New Jersey Supreme Court Justices; (3) U.S. Attorney General Alberto Gonzales; (4) Avivith Oppenheim; (5) Ewa Skwarcynska; (6) the Supreme Court of New Jersey; (7) United States Congress; and (8) the New Jersey State Legislature.  Defendants filed no opposition to Plaintiff's Motion.

     Judge Bongiovanni denied Plaintiff's motion on the ground that amendment to the Complaint would be futile.  Judge Bongiovanni held: (1) the additions of Judge Fall and Parillo as well as Justices Poritz, Long, La Vecchia, Zazzali, Albin, Wallace and Rivera-Soto as defendants futile because each are protected by the doctrine of absolute judicial immunity; (2) the New Jersey Supreme Court and State Legislature is protected from suit by Eleventh Amendment immunity; (3) Plaintiff's proposed claims against Ewa Skwarcynska and Avivith Oppenheim are barred by the running of the applicable two-year statute of limitations period; (4) Plaintiff's proposed claims against Attorney General Alberto Gonzales and the United States Congress fail to state a claim upon which relief could be granted.  Plaintiff filed the instant appeal on August 15, 2005.

---

[2] The Court notes Plaintiff's argument on appeal that his Amended Complaint sought to add not only additional parties, but also additional claims. Plaintiff contends that Judge Bongiovanni's order erroneously ignores Plaintiff's proposed new claims.  This Court, however, finds that Plaintiff's proposed claims were sufficiently considered in Judge Bongiovanni's evaluation of the proposed additional defendants.

**DISCUSSION**

   **A. Standard of Review**

The standard of review of a magistrate judge's decision depends upon whether the issue addressed was dispositive or non-dispositive. Andrews v. Goodyear Tire & Rubber Co., 191 F.R.D. 59, 67 (D.N.J. 2000). A district court may reverse a magistrate judge's determination of a non-dispositive issue only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205 (D.N.J. 1997).

Motions to amend are treated as non-dispositive matters in this Court. Gutierrez v. Johnson & Johnson, 227 F.R.D. 255 (D.N.J. 2005). Review of a Magistrate Judge's legal determinations, however, is plenary. Sidali v. I.N.S., 914 F. Supp. 1104, 1111 (D.N.J. 1996). The decision to deny Plaintiff's Motion for leave to amend addressed legal issues in the context of what is essentially a Rule 12(b)(6) motion to dismiss determination. Therefore, this Court will give the August 2, 2005, Order of Magistrate Judge Bongiovanni plenary review.

   **B. Plaintiff's Appeal**

Judge Bongiovanni denied Plaintiff's motion to amend his complaint on the basis of futility. Under Federal Rule of Civil Procedure 15(a), leave to amend pleadings is generally freely given. Foman v. Davis, 371 U.S. 178, 182 (1962). A court, however, may nonetheless deny a motion to amend if such amendment would be futile. Alvin v. Suzuki, 227 F.3d 107, 121 (3d. Cir. 2000). In determining futility, the court must

consider whether the complaint, as amended, would survive a motion to dismiss for failure to state a claim upon which relief could be granted.  Id. at 121.  Plaintiff disputes Judge Bongiovanni's determination that amendments to the Complaint would be futile.

    I.  Plaintiff's Claims Against Judicial Officers

Judge Bongiovanni found  Plaintiff's claims against Judges Fall and Parillo, and Justices Poritz, Long, La Vecchia, Zazzali, Albin, Wallace and Rivera-Soto futile because as judges and justices they are protected by judicial immunity.  Plaintiff argues that this determination is incorrect because judicial immunity does not provide immunity when a judge or justice is disregarding the law, or when a plaintiff is seeking prospective injunctive relief.

It is well settled that judges are "generally afforded absolute immunity from civil suits for money damages."  Figueroa v. Blackburn, 208 F.3d 435 (3d Cir. 2000) (quoting Mireles v. Waco, 502 U.S. 9 (1991)).  "The doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages."  Figueroa, 208 F.3d at 400.  So sacrosanct is judicial immunity that judges "are not liable to civil actions for their judicial acts, even when such acts are . . . alleged to be done maliciously or corruptly."  Stump v. Sparkman, 435 U.S. 349, 355-56 (1978).  Indeed, a judge may only be held civilly liable in two circumstances:  (1) when the judge was not operating in his or her judicial capacity, and (2) when the action was taken in the "complete absence of all jurisdiction."  Id. at 360; see also  Figueroa v. Blackburn, 39 F. Supp. 2d 479, 485-86

(D.N.J. 1999).  Plaintiff's complaint, as amended, did not allege any actions by the judicial defendants taking them outside of the realm of judicial immunity.  Each of the allegations in the proposed Amended Complaint challenged conduct by the Judges taken in their roles as adjudicators.  For example, the allegations in Count Eight of the proposed Amended Complaint contend that Judges Fall and Parillo "in course of adjudicating Plaintiff's appeal . . . have conspired" violating Plaintiff's right to equal treatment and due process.  Likewise, Plaintiff's proposed claims against the justices of the New Jersey Supreme Court allege constitutional violations caused by defendants declining to hear Plaintiff's appeal.

Despite Plaintiff's argument on appeal, the fact that Plaintiff was seeking prospective injunctive relief also does not eliminate the protection afforded by judicial immunity. Traditionally, although claims for money damages have been barred by judicial immunity, claims for prospective injunctive relief have been permitted under § 1983 against judicial officers acting in their official capacity.  See Pulliam v. Allen, 466 U.S. 522, 541-42 (1984).  In 1996, however, Congress passed the Federal Courts Improvement Act of 1996 ("FCIA") and  legislatively reversed Pulliam in several respects.  Significantly, the FCIA amended § 1983 to provide that "injunctive relief shall not be granted" in any § 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."  Pub. L. No. 104-371, Title III, 110 Stat. 3854.

Plaintiff's proposed complaint does not allege that the named judges or justices violated a declaratory decree or that declaratory relief was unavailable to him.

Accordingly, the doctrine of absolute judicial immunity bars Plaintiff's claims against those judges and justices he sought to add to his complaint and amendment would be futile. This Court is satisfied that the ruling of the Magistrate Judge is correct and will be upheld.

      II. New Jersey Supreme Court and State Legislature

Judge Bongiovanni held Plaintiff's proposed claims against the New Jersey Supreme Court and State Legislature futile as barred by the Eleventh Amendment.

The Eleventh Amendment prohibits suits against state governments by a state's own citizens, by citizens of another state, or by citizens of foreign countries. Alden v. Maine, 527 U.S. 706 (1999). The New Jersey Supreme Court, as part of the judicial branch of the New Jersey State government, "is an integral part of the State of New Jersey" for purposes of the Eleventh Amendment and is entitled to share in the State's sovereign immunity. Johnson v. State of New Jersey, 869 F. Supp. 289, 296-97 (D.N.J. 1994). Likewise, New Jersey has not waived its sovereign immunity with regard to suits brought in federal courts against its court system or its legislature.

Because Plaintiff's claims against the New Jersey Supreme Court and Legislature are barred by Eleventh Amendment state sovereign immunity, addition of these claims by way of Amended Complaint is futile. Therefore, this Court finds that Judge Bongiovanni's decision was correct.

      III. Defendants Avivith Oppenheim and Ewa Skwarczynksa

Judge Bongiovanni held Plaintiff's proposed claims against Avivith Oppenheim and Ewa Skwarczynska were barred by the running of the applicable two-year statute of

limitations period.  N.J. Stat. Ann. 2A:14-2 (West 2005).  Plaintiff argues that his claims against these defendants relate back to August 15, 2003, the filing of the original Complaint in this matter and are, therefore, timely.  (Pl. Br. 31.)

Amendment of a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2).  Amendment of a pleading will also relate back when a party is seeking to amend a misnamed defendant.  Under Rule 15(c)(3), an amended pleading will relate back when the amendment changes the party name and the party has received notice, will not be prejudiced, and "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."  Fed. R. Civ. P. 15(c)(3).

Plaintiff's claims against these defendants do not relate back to the filing date of the original Complaint.  The claims asserted against these defendants are separate and distinct from those asserted in Plaintiff's original Complaint and do not arise out of the conduct set forth therein as required for relation back under Fed. R. Civ. Proc. 15(c)(2). Additionally, Plaintiff does not seek to add these defendants to correct a mistake of identity in the original Complaint.  Plaintiff is merely seeking to add entirely new and unrelated claims against new defendants and therefore, these proposed amendments will not relate back to the date of the original Complaint.

Plaintiff contends that his injury accrued on March 20, 2002 when the New Jersey trial court entered their final judgment.  In Plaintiff's proposed Amended Complaint,

7

however, Count Twelve alleges these defendants "deliberately procured misrepresentation . . . through false certification" in filing a motion to compel Plaintiff to pay child support. The ruling on this motion in New Jersey State Court was made on November 15, 2001. It is not necessary for this Court to determine on which date Plaintiff's alleged injury accrued. Even assuming Plaintiff's injury accrued at the date he suggests, March 20, 2002, these claims would nonetheless be time barred under the applicable two-year statute of limitations with the filing date of his Amended Complaint on May 2, 2005.

Therefore, this Court is satisfied that Judge Bongiovanni's determination, that addition of these defendants would be futile, was correct.

    IV.  <u>Claims Against United States Attorney General Alberto Gonzales and the United States Congress</u>

Count Fourteen of Plaintiff's proposed complaint seeks an injunction against U.S. Attorney General Alberto Gonzales ("Gonzales") to prevent the enforcement of Title 18 U.S.C. § 228 because it is unconstitutional.[3] Judge Bongiovanni found Plaintiff's proposed claims futile because they failed to state a claim upon which relief could be granted. Plaintiff contends that this ruling was erroneous, arguing that he possesses the requisite standing to bring these claims.

This Court finds that Plaintiff's proposed claims fail to state a claim upon which relief can be granted. Plaintiff provides no basis for finding that § 228 itself is

---

[3]Title 18 U.S.C. § 228 is commonly referred to as the Child Support Recovery Act of 1992. This statute makes it a crime to willfully fail to pay a legal child support obligation to a child living in another state.

8

unconstitutional.  Plaintiff argues that because the federal statute authorizes the government to enforce a state child support award without first determining its validity, Plaintiff's Due Process rights will be violated.  Plaintiff's main contention is that the underlying state award of child support may be invalid  making its enforcement under § 228 unconstitutional.  Plaintiff, however, asserts no grounds under which § 228 itself should be found to be unconstitutional.   His challenge is only to the validity of the underlying state judgment.  Accordingly, this Court finds that Judge Bongiovanni's decision was correct.

Furthermore, this Court questions whether Plaintiff's proposed claim is ripe for judicial review.  The ripeness doctrine seeks to separate claims that are premature for review because the alleged injury is speculative, from cases appropriate for judicial review.  Abbott Labs. v. Gardner, 287 U.S. 136, 148 (1967).  No enforcement action has been commenced or even threatened against the Plaintiff under § 228.  Plaintiff argues only that he is in  "fear" that "prosecution . . . by federal government is imminent . . . ." (Pl. Br. 34.)  Additionally, Plaintiff has not made a showing of sufficient hardship to warrant this Court to conduct preenforcement review of the statute.  See Abbot Labs., 287 U.S. at 149 (holding that in deciding whether a case is ripe a court must consider "the hardship to the parties of withholding court consideration," and "the fitness of the issues for judicial decision.").  Therefore, this Court affirms Judge Bongiovanni's determination.

Case 3:03-cv-03881-SRC-TJB   Document 63   Filed 10/20/05   Page 10 of 10 PageID: 802

**CONCLUSION**

Having reviewed the parties' submissions both to this Court and to the Magistrate Judge, for the reasons set forth below, and for good cause shown, this Court affirms the Magistrate Judge's August 2, 2005 Order. An appropriate form of order will be filed herewith.

                                         s/ Stanley R. Chesler
                                         Stanley R. Chesler
                                         United States District Judge