NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MAREK A. KWASNIK, | : : : | Hon. Stanley R. Chesler |
| Plaintiff, | : : | Civ. A. No. 03-3881(SRC) |
| v. | : : | |
| HON. VINCENT LEBLON, et al., | : : : | OPINION |
| Defendants. | : : | |

**CHESLER**, District Judge

This matter comes before the Court on the motion of Plaintiff Mark A. Kwasnik for reconsideration of the Court's Opinion, entered August 8, 2005, granting Defendants' Motion to Dismiss for Lack of Jurisdiction. For the reasons set forth below, Plaintiff's motion for reconsideration (docket item # 58) is denied.

BACKGROUND

The relevant facts and procedural history of this case are well-known to the parties and will not be repeated here except as pertinent to the instant motion for reconsideration. This suit arises out of a child-custody dispute decided in New Jersey State Court. On July 30, 2001, defendant Judge Leblon, relying on N.J.S.A. 9:2-4(c), granted sole custody of Plaintiff's child to his former wife with no visitation. On July 8, 2003, Plaintiff sought review of the constitutionality of N.J.S.A. 9:2-4(c) from the Superior Court of New

1

Jersey, Appellate Division.   Plaintiff then filed actions similar to this one in the United States District Court for the District of Maine, which were dismissed for lack of subject matter jurisdiction between September and November of 2001.

On or about August 19, 2003, Plaintiff filed the Complaint in this action against Hon. Alan B. Handler, Hon. Daniel J. O'Hern, Hon. James J. Ciancia, Hon. James M. Havey, Hon. Lorraine C. Parker, Hon. Vincent Leblon, Hon. Bradley Ferencz, Jeffrey A. Newman, Edward J. Dauber, Esq., Lois Knego, Richard J. Codey, Albio Sires, and Joseph J. Robers, Jr. ("the State Defendants") under 42 U.S.C. §§ 1983 and 1985(3) on behalf of himself and his minor son.  Plaintiff alleged that N.J.S.A. 9:2-4(c), as applied in his case, violated his Fourteenth Amendment rights to due process and equal protection and is therefore unconstitutional.  (Compl. at 7.)  Plaintiff also claimed that, in custody battles such as his, N.J.S.A. 9:2-4(b) yields preferential treatment for women and in-state parties.

On or about March 14, 2005, the State Defendants in this action moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.[1]  Plaintiff opposed this motion.

On or about August 8, 2005, this Court granted Defendants' Motion to Dismiss for lack of subject matter jurisdiction finding Plaintiff's claims against the State Defendants were barred by the Rooker-Feldman doctrine.  This Court found Plaintiff's

---

[1] Specifically, the State Defendants argued a lack of subject matter jurisdiction based on: the Rooker-Feldman Doctrine, the domestic relations exception to federal jurisdiction, judicial immunity, quasi-judicial immunity, legislative immunity, Eleventh Amendment sovereign immunity, and because the State Defendants are not "persons" as defined by 42 U.S.C. § 1983.

claims under both §1983 and § 1985(3) inextricably intertwined with the state court's judgment and therefore barred.  Plaintiff filed this Motion for Reconsideration on August 19, 2005.

**DISCUSSION**

    **I. Standard of Review**

Motions for reconsideration are governed by Local Rule 7.1(i).[2]  That Rule provides that "[a] motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge."  D.N.J. L. Civ. R. 7.1(i).  The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

Reargument is not a means by which to obtain a proverbial second bite of the apple.  See Chiniewicz v. Henderson, 202 F. Supp. 2d 332, 334 (D.N.J. 2002) (noting that a motion for reconsideration "is not an opportunity . . . to introduce legal theories that a party failed to include in its initial motion").  Indeed, Rule 7.1(i) permits reconsideration only when "dispositive factual matters or controlling decisions of law" were presented to the Court but were overlooked.  See Resorts Int'l v. Great Bay Hotel and Casino, 830 F. Supp. 826, 831 (D.N.J. 1992); Khair v. Campbell Soup Co., 893 F. Supp. 316, 337 (D.N.J. 1995).  Accordingly, a court will reconsider its previous rulings only where

---

[2] The cases cited below refer to Rule 7.1(g).  However, Local Civil Rule 7.1 was amended on February 24, 2005 so that Motions for Reconsideration are now governed by Local Rule 7.1(i) instead.  For purposes of this Opinion, the substantive amendments to the Rule are of no consequence.

convinced that germane information was initially overlooked.

Relief pursuant to Rule 7.1(i) is "an extraordinary remedy" that is to be granted "very sparingly." NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996); Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986). Indeed, "mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reargument." Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003) (quotation and citation omitted).

Accordingly, a motion under Rule 7.1(i) may be granted only if: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir 1995).

### II. Plaintiff's Motion for Reconsideration

Plaintiff has failed to sustain the burden imposed upon him by the standard governing motions for reconsideration. Plaintiff does not allege any change in controlling legal authority, nor does he argue that any previously unavailable evidence has come to light. Instead, Plaintiff's argument relies on what he perceives as errors in this Court's legal analysis.

First, Plaintiff argues that this Court erred by not considering claims set forth in the proposed Amended Complaint. The motion before this Court, however, was Defendants' motion to dismiss the original Complaint, and Plaintiff filed his motion to

4

amend only one week before Defendants were due to file their reply brief. In such circumstances, a district court may refuse to consider an amended pleading. See Johnson v. Guhl, 91 F. Supp. 2d 754, 759 (D.N.J. 2000). Furthermore, at the time this Court made its determination, Plaintiff had not amended his Complaint, he had only made a motion for leave to do so, which was ultimately denied.

Next, Plaintiff re-argues his contention that the Rooker-Feldman doctrine does not bar this Court from hearing his claims. The Rooker-Feldman doctrine established that lower federal courts lack jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Under the Rooker-Feldman doctrine a federal district court is barred from reviewing a claim in two circumstances: (1) if the claim was actually litigated in state court before the federal action was filed, or (2) if the claim is "inextricably intertwined" with that state court's adjudication of the claim. Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003). A federal district court is even barred from reviewing constitutional claims if they are "inextricably intertwined" with the state court's decision. FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996); see Guarino v. Larsen, 11 F.3d 1151 (3d Cir. 1993).

Plaintiff's Complaint consists of a 42 U.S.C. § 1983 claim and a 42 U.S.C. § 1985(3) claim. Neither of these claims were actually litigated in state court. Both claims, however, are inextricably intertwined with the state court ruling. A claim will be considered inextricably intertwined with a state court judgment when "federal relief can

only be predicated upon a conviction that the state court was wrong." Parkview Assoc. v. City of Lebanon, 225 F.3d 321, 325 (3d Cir. 2000). Put differently, Rooker-Feldman will bar federal jurisdiction over a claim when the relief requested in the federal action "would effectively reverse the state decision or void its ruling." FOCUS, 75 F.3d at 841 (citing Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995).

In his motion for reconsideration, Plaintiff relies heavily on Feldman and Centifanti v. Nix[3] for the proposition that this court has jurisdiction over his claims because he is making a facial attack on the constitutionality of N.J.S.A. 9:2-4(c). (Pl. Br. 24-5.) Plaintiff's reliance is misplaced. In Centifanti, plaintiff, a suspended attorney, alleged that certain procedural rules were unconstitutional on their face, and sought an injunction barring the prospective application of those rules. 856 F.2d at 1426. There, the Third Circuit found that the federal claim was not inextricably intertwined with the state claim, because a federal court could find that the rules were unconstitutional without attacking the state court's ruling that Centifanti had violated those rules. Id. at 1430.

Here, Plaintiff challenges the constitutionality of a legislatively-enacted statute, N.J.S.A. 9:2-4(c), applied by the state court in his underlying child custody case. A decision in favor of the Plaintiff would rest upon an acknowledgment that his rights were indeed violated by the state judgment, warranting a reversal of that ruling. Likewise, any finding by this Court of a conspiracy in violation of § 1985(3) would invalidate the state court's decision and is therefore inextricably intertwined with the state court's ruling. Nothing in Plaintiff's motion for reconsideration reveals a clear error of law in this

---

[3] 865 F.2d 1422 (3d Cir. 1989).

determination.

As discussed *supra*, it is well settled that a motion for reconsideration is neither a tool for rearguing that which has already been duly considered nor an appeal from a decision with which the moving party simply disagrees. While it is clear that Plaintiff disagrees with the Court's August 8th decision, he has failed to present either material evidence that was unavailable to him before now or law that the Court may have overlooked in reaching that decision.

**CONCLUSION**

This Court has construed all of this pro se Plaintiff's pleadings liberally, as is required, and nonetheless finds that he has failed to point out errors or omissions that might warrant reconsideration. Accordingly, the motion for reconsideration is denied. An appropriate Order will follow.


Dated:       October 28, 2005                  s/ Stanley R. Chesler
                                               Stanley R. Chesler, U.S.D.J.