NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
:
MAREK A. KWASNIK,                                     :
                                                      :          Hon. Stanley R. Chesler
            Plaintiff,                                :          Civ. A. No. 03-3881(SRC)
                                                      :
                    v.                                :
                                                      :              **OPINION**
HON. VINCENT LEBLON, et al.,                          :
                                                      :
            Defendants.                               :
_____:

**CHESLER**, District Judge

        This matter comes before the Court on the motion of Plaintiff Mark A. Kwasnik

for reconsideration of the Court's Opinion, entered October 20, 2005, denying Plaintiff's

Appeal of an August 2, 2005 Order of Magistrate Judge Bongiovanni.   For the reasons

set forth below, Plaintiff's motion for reconsideration (docket item # 67) is denied.

### BACKGROUND

        The relevant facts and procedural history of this case are well-known to the parties

and will not be repeated here except as pertinent to the instant motion for reconsideration.

This suit arises out of a child-custody dispute decided in New Jersey State Court.  On July

30, 2001, defendant Judge Leblon, relying on N.J.S.A. 9:2-4(c), granted sole custody of

Plaintiff's child to his former wife with no visitation.  On July 8, 2003, Plaintiff sought

review of the constitutionality of N.J.S.A. 9:2-4(c) from the Superior Court of New

Jersey, Appellate Division.   Plaintiff then filed actions similar to this one in the United

1

States District Court for the District of Maine, which were dismissed for lack of subject matter jurisdiction between September and November of 2001.

On or about August 15, 2003, Plaintiff filed the Complaint in this action against Hon. Alan B. Handler, Hon. Daniel J. O'Hern, Hon. James J. Ciancia, Hon. James M. Havey, Hon. Lorraine C. Parker, Hon. Vincent Leblon, Hon. Bradley Ferencz, Jeffrey A. Newman, Edward J. Dauber, Esq., Lois Knego, Richard J. Codey, Albio Sires, and Joseph J. Robers, Jr. ("the State Defendants") under 42 U.S.C. §§ 1983 and 1985(3) on behalf of himself and his minor son.

 On or about May 2, 2005, Plaintiff filed a motion with the Court seeking leave to amend his Complaint to add additional defendants.  Specifically, Plaintiff sought to add as defendants:  (1) Judge Robert Fall and Judge Anthony Parillo, both Appellate Division Judges of New Jersey Superior Court; (2) Justice Deborah Poritz, Justice Virginia Long, Justice Jaynee LaVecchia, Justice James Zazzali, Justice Barry Albin, Justice John Wallace, and Justice Roberto Rivera-Soto, all New Jersey Supreme Court Justices; (3) U.S. Attorney General Alberto Gonzales; (4) Avivith Oppenheim; (5) Ewa Skwarcynska; (6) the Supreme Court of New Jersey; (7) United States Congress; and (8) the New Jersey State Legislature.  Defendants filed no opposition to Plaintiff's Motion.

Judge Bongiovanni denied Plaintiff's motion on the ground that amendment to the Complaint would be futile.  Judge Bongiovanni held: (1) the additions of Judge Fall and Parillo as well as Justices Poritz, Long, La Vecchia, Zazzali, Albin, Wallace and Rivera-Soto as defendants futile because each are protected by the doctrine of absolute judicial immunity; (2) the New Jersey Supreme Court and State Legislature is  protected from suit

2

by Eleventh Amendment immunity; (3) Plaintiff's proposed claims against Ewa

Skwarcynska and Avivith Oppenheim are barred by the running of the applicable two-

year statute of limitations period; (4) Plaintiff's proposed claims against Attorney General

Alberto Gonzales and the United States Congress fail to state a claim upon which relief

could be granted.  Plaintiff filed his appeal of Judge Bongiovanni's Order on August 15,

2005.  This Court affirmed the Order of Judge Bongiovanni and denied Plaintiff's appeal

in its Order dated October 20, 2005 and the accompanying Opinion of the same date.  The

Plaintiff filed the instant motion for reconsideration on October 28, 2005.

**DISCUSSION**

**I. Standard of Review**

Motions for reconsideration are governed by Local Rule 7.1(i).[1]  That Rule

provides that "[a] motion for reconsideration shall be served and filed within 10 business

days after the entry of the order or judgment on the original motion by the Judge or

Magistrate Judge."  D.N.J. L. Civ. R. 7.1(i).  The "purpose of a motion for

reconsideration is to correct manifest errors of law or fact or to present newly discovered

evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

Reargument is not a means by which to obtain a proverbial second bite of the

apple.  See Chiniewicz v. Henderson, 202 F. Supp. 2d 332, 334 (D.N.J. 2002) (noting that

a motion for reconsideration "is not an opportunity . . . to introduce legal theories that a

---

[1]  The cases cited below refer to Rule 7.1(g).  However, Local Civil Rule 7.1 was amended on February 24, 2005 so that Motions for Reconsideration are now governed by Local Rule 7.1(i) instead.  For purposes of this Opinion, the substantive amendments to the Rule are of no consequence.

3

party failed to include in its initial motion").  Indeed, Rule 7.1(i) permits reconsideration only when "dispositive factual matters or controlling decisions of law" were presented to the Court but were overlooked.  See Resorts Int'l v. Great Bay Hotel and Casino, 830 F. Supp. 826, 831 (D.N.J. 1992); Khair v. Campbell Soup Co., 893 F. Supp. 316, 337 (D.N.J. 1995).  Accordingly, a court will reconsider its previous rulings only where convinced that germane information was initially overlooked.

Relief pursuant to Rule 7.1(i) is "an extraordinary remedy" that is to be granted "very sparingly."  NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996); Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986).  Indeed, "mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reargument."  Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003) (quotation and citation omitted).

Accordingly, a motion under Rule 7.1(i) may be granted only if:  (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir 1995).

## II.  Plaintiff's Motion for Reconsideration

Plaintiff has failed to sustain the burden imposed upon him by the standard governing motions for reconsideration.  Plaintiff does not allege any change in controlling legal authority, nor does he argue that any previously unavailable evidence has come to light.  Instead, Plaintiff's argument relies on what he perceives as errors in this Court's

legal analysis and repeats various arguments he previously made on appeal.

First, Plaintiff argues that this Court erred in its application of an improper standard of review.  (Pl. Br. 5).  This Court found the appropriate standard of review for Judge Bongionvanni's Order was a plenary review because the Order addressed legal issues in the context of what was essentially a 12(b) motion to dismiss.  Plaintiff contends that proper standard of review was de novo.  (Pl. Br. 5).

Plaintiff asserts that his cross-motion to amend was a dispositive motion. Characterized as such, Plaintiff contends that Judge Bongiovanni's Order should have been termed a "recommended decision subject to de novo review." (Pl. Br. 4).  This argument is baseless.  Whether this Court performed a plenary review or a de novo review is of no consequence because a plenary review is a de novo review.  The manner of review does not affect this Court's ultimate decision.  Whether this Court upheld Judge Bongiovanni's decision, or this Court reached the same decision independently, the Plaintiff's instant motion is merely arguing semantics.

Under a plenary review, this Court affirmed Judge Bongiovanni's Order, finding that Judge Bongiovanni had properly denied Plaintiff's motion to amend for the reasons stated by Judge Bongiovanni and reiterated by this Court.   Plaintiff cites no basis to find that Judge Bongiovanni's decision to deny his motion, or this Courts decision finding the same was in error.

The remainder of Plaintiff's motion repeats the same arguments that were rejected by this Court in Plaintiff's original appeal challenging Judge Bongiovanni's August 2, 2005, Order.  Plaintiff contends that none of his proposed claims were futile.

First, Plaintiff re-argues his contention that his claims against various judicial officers are not barred by judicial immunity.  Plaintiff again argues that because his claims were against judicial officers in their individual capacity and for prospective injunctive relief, they are not barred by judicial immunity or by the Federal Courts Improvement Act of 1996 ("FCIA").  The doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages.  Figueroa, 208 F.3d at 400.  So sacrosanct is judicial immunity that judges "are not liable to civil actions for their judicial acts, even when such acts are . . . alleged to be done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 355-56 (1978).  Plaintiff's complaint, as amended, did not allege any actions by the judicial defendants taking them outside of the realm of judicial immunity.  Each of the allegations in the proposed Amended Complaint challenged conduct by the Judges taken in their roles as adjudicators.

Furthermore,  the FCIA amended § 1983 to provide that "injunctive relief shall not be granted" in any § 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."  Pub. L. No. 104-371, Title III, 110 Stat. 3854. Plaintiff's proposed complaint did not allege that the named judges or justices violated a declaratory decree or that declaratory relief was unavailable to him.

Second, Plaintiff reargues his contention that his proposed claims against the New Jersey Supreme Court and the New Jersey State Legislature are not barred by Eleventh Amendment immunity.

The Eleventh Amendment prohibits suits against state governments by a state's own citizens, by citizens of another state, or by citizens of foreign countries.  <u>Alden v. Maine</u>, 527 U.S. 706 (1999).  The New Jersey Supreme Court, as part of the judicial branch of the New Jersey State government, "is an integral part of the State of New Jersey" for purposes of the Eleventh Amendment and is entitled to share in the State's sovereign immunity.  <u>Johnson v. State of New Jersey</u>, 869 F. Supp. 289, 296-97 (D.N.J. 1994).  Likewise, New Jersey has not waived its sovereign immunity with regard to suits brought in federal courts against its court system or its legislature.

Lastly, Plaintiff reargues his position that his claims against United States Congress and United States Attorney General Alberto Gonzalez state a claim upon which relief could be granted.  Count Fourteen of Plaintiff's proposed complaint sought  an injunction against U.S. Attorney General Alberto Gonzales ("Gonzales") to prevent the enforcement of Title 18 U.S.C. § 228 claiming that the statue is unconstitutional.  Plaintiff, however,  provided no basis for finding that § 228 itself is unconstitutional.

Plaintiff argues that because the federal statute authorizes the government to enforce a state child support award without first determining its validity, Plaintiff's Due Process rights will be violated.  Plaintiff's main contention is that the underlying state award of child support may be invalid  making its enforcement under § 228 unconstitutional.  Plaintiff, however, asserts no grounds under which § 228 itself should be found to be unconstitutional.   His challenge is only to the validity of the underlying state judgment.

Without more, Plaintiff's motion for reconsideration presents the same facts and

arguments that were proffered for this Court's consideration of the initial appeal.  There is nothing new now before the Court which might warrant reconsideration of the previous analysis.

As discussed *supra*, it is well settled that a motion for reconsideration is neither a tool for rearguing that which has already been duly considered nor an appeal from a decision with which the moving party simply disagrees.  Plaintiff has presented no new evidence that was previously unavailable, nor has there been any intervening change in controlling law.  Further, Plaintiff has made no showing of a clear error or manifest injustice.

CONCLUSION

This Court has construed all of this pro se Plaintiff's pleadings liberally, as is required, and nonetheless finds that he has failed to point out errors or omissions that might warrant reconsideration.  Accordingly, the motion for reconsideration is denied.  An appropriate Order will follow.


Dated:          January 23, 2006                    s/ Stanley R. Chesler
                                                    Stanley R. Chesler, U.S.D.J.